IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN EDWARD DEAN,<br><br>Defendant. | ORDER AND MEMORANDUM DECISION DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:19-CR-18-TC |

Prisoner John Edward Dean moves this court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asking the court to reduce his 160 month sentence in the custody of the United States Bureau of Prisons to immediate release from prison with assignment to a halfway house followed by a term of supervised release. To date, he has served approximately 16 months of his sentence. Mr. Dean bases his motion on fear that his medical conditions make him particularly susceptible to the COVID-19 virus, creating an unacceptable risk of death or serious physical harm should he become infected in prison. Def.'s Mot for Compassionate Release at 1–2 (ECF No. 35) (hereinafter "Def.'s Mot.").

Given the record before the court, Mr. Dean has not satisfied his burden to show that he has exhausted all administrative remedies. Accordingly, his motion (ECF No. 35) is DENIED.

**FRAMEWORK FOR COMPASSIONATE RELEASE ANALYSIS**

Mr. Dean brings his pro se motion under 18 U.S.C. § 3582, as amended by the First Step

1

Act[1] (often referred to as the compassionate release statute). According to the statute, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The factors under 18 U.S.C. § 3553(a) include the nature of the crime, the defendant's characteristics and history, the danger to the public, and the sentencing range.

Before Congress passed the First Step Act, only the Bureau of Prisons (BOP) could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP. Id. § 3582(c)(1)(A). If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Id.

As noted above, the statute requires that a sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission[.]" Id. Before Congress passed the First Step Act, the Sentencing Commission issued a policy statement in USSG 1B1.13 describing the circumstances allowing a court, upon motion by the BOP, to reduce a defendant's term of imprisonment. The Policy Statement requires a finding that "[e]xtraordinary and

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

compelling reasons warrant the reduction"[2] or that "the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned[.]" USSG 1B1.13(1)(A)–(1)(B). In the Commentary Application Notes, the Sentencing Commission defines "extraordinary and compelling reasons" in terms of the defendant's (A) medical condition,[3] (B) advanced age,[4] (C) family circumstances,[5] or (D) other reasons. USSG 1B1.13 Commentary Application Notes 1(A)–(D). The "other reasons" catch-all provision simply says, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG 1B1.13 Commentary Application Note 1(D).

The Policy Statement also calls for a conclusion that "[t]he defendant is not a danger to the safety of any other person in the community, as provided in 18 U.S.C. § 3142(g)[.]" USSG 1B1.13(2). And, along similar lines, the Policy Statement requires the court to balance the § 3553(a) factors.

---

[2] In other cases, this court has explained why it has discretion to determine whether "extraordinary and compelling" circumstances exist. See, e.g., United States v. Winters, No. 2:18-CR-195-TC, 2020 WL 5517460, at *1 (D. Utah Sept. 14, 2020).

[3] The "Medical Condition" category applies when the defendant is (1) "suffering from a terminal illness," (2) "suffering a serious physical or medical condition," (3) "suffering a serious functional cognitive impairment," or (4) "experiencing deteriorating physical or mental health because of the aging process," and the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG 1B1.13 Commentary Application Note 1(A)(i)–(ii).

[4] The "Age" category requires that "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG 1B1.13 Commentary Application Note 1(B).

[5] "Family Circumstances" consist of "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG 1B1.13 Commentary Application Note 1(C).

## ANALYSIS

For the reasons set forth below, the court finds that Mr. Dean has not exhausted all available administrative remedies. The court does not address whether Mr. Dean has shown extraordinary and compelling reasons for his early release or if the § 3553(a) and § 3142(g) factors weigh in his favor.

To be eligible for the court's consideration of his motion for compassionate release, Mr. Dean must have either exhausted his right to appeal BOP's failure to bring a motion on his behalf, or 30 days must have lapsed from when his warden received his request for release. 18 U.S.C. § 3582(c)(1)(A). In his motion, Mr. Dean fails to show that he has pursued any administrative remedies. He does not allege that he filed a request for release with the warden of FCC Tucson, where is housed. BOP confirmed that Mr. Dean never filed a request for release with his institution. Pl.'s Opp'n Ex. F (ECF No. 137-6). Mr. Dean has failed to exhaust all administrative remedies.

Because § 3582(c)(1)(A)'s administrative exhaustion requirement is statutorily created, the court lacks jurisdiction to consider Mr. Dean's request, even during the COVID-19 pandemic. See United States v. Dubarry, No. 2:09-CR-00680-DAK, 2020 WL 3791906, at *1 (D. Utah July 7, 2020); United States v. Baca, No. CR 16-1613 JB, 2020 WL 5369078, at *8–13 (D.N.M. Sept. 8, 2020) (analyzing Tenth Circuit interpretation of § 3582(c)(1)(A)'s exhaustion requirement as a jurisdictional limit); see also Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement."). The Third Circuit Court of Appeals has held that § 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release." United States v. Raia, No. 20-1033, 954 F.3d 594, 597 (3d Cir. 2020).

Th court dismisses Mr. Dean's motion without prejudice for lack of jurisdiction. Given the circumstances of this case, the court cannot proceed to address whether extraordinary and compelling reasons exist or whether the § 3553(a) and § 3142(g) factors weigh in favor of Mr. Dean's release.

## **ORDER**

For the foregoing reasons, John Edward Dean's Motion for Compassionate Release (ECF No. 35) is DENIED without prejudice.

DATED this 3rd day of December, 2020.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge