IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN DEAN,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:19-cr-00018-TC<br><br>Judge Tena Campbell |

　　　　Before the court is a letter from Defendant John Dean. (ECF No. 48.) The court construes that letter as a motion to appoint counsel, as Mr. Dean requests that the court appoint him an attorney "to represent me and assist me in filing a motion … for Compassionate Release …." (Id.) The court does not generally appoint counsel to assist a prisoner in preparing such a motion, but the court will alert the Federal Public Defender's Office for the District of Utah when the court receives a pro se motion. See Gen. Order 22-022 (Dec. 13, 2022).

　　　　After receiving a motion for compassionate release, the court first screens that motion to determine whether the requirements of 18 U.S.C. § 3582(c)(1)(A) have been met, including whether the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …." One reason why administrative exhaustion is important is that it gives the Bureau of Prisons an opportunity to address the medical issues that Mr. Dean raises, such as his arthritis medication

1

and other health problems. The court notes that it may only consider compassionate release for "extraordinary and compelling reasons" and that medical circumstances must be extremely serious before the court will find that they rise to this level. See USSG § 1B1.13(b)(1) (setting forth guidelines for medical circumstances that may rise to extraordinary and compelling reasons for release, including terminal illness, serious conditions from which a defendant is not expected to recover and which prevent a defendant from providing self-care, and medical conditions that require long term or specialized care).

Because Mr. Dean's letter does not present medical circumstances that appear to rise to the level of extraordinary and compelling reasons, the court declines to appoint counsel. In addition, the court is unable to consider a motion for compassionate release on the merits until Mr. Dean has first exhausted his administrative remedies.

## ORDER

For the foregoing reasons, Mr. Dean's motion to appoint counsel (ECF No. 48) is DENIED.

DATED this 2nd day of February, 2026.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge